IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,862






EX PARTE GERARDO FLORES, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24959 IN THE 217TH DISTRICT COURT


IN ANGELINA COUNTY





 Keller, P.J., filed a concurring opinion in which Hervey, J., joined.


 In Ex parte Reed, we held that, when a trial court makes findings of fact that are "not
supported by the record," we may make our own findings of fact. (1) The Court now goes a step
beyond Reed and holds that when a trial court's findings "do not resolve the necessary factual issues"
we must exercise our role as the ultimate finder of fact. But if the problem is just that the findings
that the trial court has made are "not helpful" and do not adequately address the issues to be
resolved, it seems that the proper course of action should be to remand the case to the trial court to
make findings that do address the issues to be resolved. We do it all the time. If inadequacy of the
findings were the real problem in this case, I would do the same here. 

 In this case, however, we need not remand the case to the trial court because it really does
not matter what the trial court's findings are. The evidence presented in this case supports only one
legal conclusion: that appellant was not deprived of the effective assistance of counsel. 

 As the Court points out, trial counsel presented the testimony of a well-qualified expert, Dr.
Pustilnik, a medical examiner from a nearby county in Texas. Dr. Pustilnik's testimony was, in
general, favorable to applicant. Dr. Kliman was also well qualified, but he was a researcher rather
than a "hands on" expert, and he was from out of state. As a matter of law, the decision to call a
well-qualified, local, hands-on expert instead of a well-qualified, out-of-state, research expert does
not constitute deficient performance. Even if the trial court did not believe trial counsel's
explanation for his decision regarding Dr. Kliman, that decision does not meet the first prong of
Strickland. And counsel cannot be faulted for failing to call Dr. Bux, whose testimony would have
been cumulative of that presented through Dr. Pustilnik.

 With respect to the prejudice inquiry, our task is not to determine whether Dr. Kliman rather
than Dr. Pustilnik should be believed. (2) Instead, our task is to determine whether there is a reasonable
probability that Dr. Kliman's testimony would have impacted the jury in such a way as to change the
outcome of the case. As the Court points out, the State could have called experts to attack Dr.
Kliman's theories, so calling Dr. Kliman would merely have escalated the battle of experts without
appreciably changing the relative weight of the defense evidence versus that presented by the State. 
And the cumulative nature of Dr. Bux's testimony means that there is no reasonable probability that
it would have affected the outcome of the case.

 Finally, with respect to applicant's claim that appellate counsel was ineffective for failing to
challenge the sufficiency of the evidence, the Court's analysis shows that the evidence was in fact
sufficient to support applicant's conviction, so he suffered no prejudice. Moreover, given that
appellate counsel presented issues that were weighty enough for this Court to grant discretionary
review of them, (3) counsel cannot be found to be deficient for failing to present an unmeritorious 
sufficiency-of-the-evidence claim.

 With these comments, I concur in the Court's judgment.

Filed: December 5, 2012

Publish


1. See Ex parte Reed, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) ("When our independent
review of the record reveals that the trial judge's findings and conclusions are not supported by the
record, we may exercise our authority to make contrary or alternative findings and conclusions.").
2. Sometimes, such as in cases where an Atkins mental-retardation claim is made, which
expert's testimony should be credited is an issue in the habeas proceeding. See Ex parte Lewis, 223
S.W.3d 372, 378 (Tex. Crim. App. 2006) (Cochran, J., concurring) (trial judge ultimately chose to
place greater reliance upon state's expert than defense expert in concluding that the habeas applicant
was not mentally retarded). 
3. See Flores v. State, 245 S.W.3d 432 (Tex. Crim. App. 2008).